**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA,**
**NORTHERN DIVISION**

RECEIVED

2009 OCT -2 P 3: 25

| | |
|---|---|
| **ALABAMA MUNICIPAL INSURANCE CORPORATION, a corporation,** | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) ) ) CASE NO.: 2:09-CV-928-WKW-CSC |
| **ALLIANT INSURANCE SERVICES, INC. F.KA. DRIVER ALLIANT INSURANCE SERVICES, F.K.A. ROBERT F. DRIVER ASSOCIATES, a corporation;** | ) ) ) ) ) **DEMAND FOR JURY TRIAL** |
| **Defendants.** | ) ) |

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

---

### COMPLAINT

---

### I.    PARTIES

1.    Plaintiff Alabama Municipal Insurance Corporation ("AMIC"), is and was at all times material herein an Alabama corporation, whose principal place of business is in Montgomery, Alabama.

2.    Defendant Alliant Insurance Services, Inc., formerly known as Driver Alliant Insurance Services, formerly known as Robert F. Driver Associates, ("Alliant"), is and was at all times material herein an entity, upon information and belief, organized under the laws of the State of Delaware and at all times material herein was doing business in Montgomery County, Alabama.

### II.    JURISDICTION

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332

and 1367.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   FACTUAL ALLEGATIONS

4.     AMIC contracted with Robert F. Driver Associates (now know as "Alliant") to obtain policies of reinsurance through a variety of companies for losses AMIC incurred between 2000 and 2005.

5.     In 2000-2001, AMIC purchased policy LU00228842.  The reinsurers for that policy were Those Various Underwriters of Lloyds.

6.     AMIC sustained losses that were covered by this policy in the amount of Three Hundred and Ninety-Two Thousand Four Hundred and Twenty-Nine Dollars ($392,429.00) plus interest.

7.     AMIC complied with all contractual obligations under this policy.

8.     Under the "notice of loss" provision for this policy, AMIC properly provided notice of loss to Robert F. Driver Associates, now Alliant, who failed to properly transmit that loss to Those Various Underwriters of Lloyds.

9.     On September 28, 2009, Those Various Underwriters of Lloyds, denied AMIC the losses covered under that policy.

10.    AMIC has been damaged in the loss of the principal amount of this claim, loss of interest, and consequential and incidental damages.

11.    In 2001-2002, AMIC purchased policies from Discover Re and Kemper Insurance.

12.    AMIC sustained losses that were covered by this policy in the amount of One Hundred and Fifty Thousand Nine Hundred and Ninety-Three Dollars ($150,993)

plus interest.

13.     AMIC complied with all contractual obligations under this policy.

14.     Under the "notice of loss" provision for this policy, AMIC properly provided notice of loss to Robert F. Driver Associates, now Alliant, who failed to properly transmit that loss Discover Re and Kemper Insurance.

15.     Because of Alliant's failure to timely transmit the claim, it was not until August 6 & 11, 2008, until Discover Re and Kemper Insurance Company paid the principal amount of the claim.

16.     AMIC has been damaged through loss of interest and consequential and incidental damages as a result.

17.     In 2002-2003, AMIC purchased policy D003R00028.  The reinsurer for this policy was Discover Re.

18.     AMIC sustained losses that were covered by this policy in the amount of Six Hundred Sixty-One Thousand Four Hundred Forty-Five dollars and 76/100 ($661,445.76) plus interest.

19.     AMIC complied with all contractual obligations under this policy.

20.     Under the "notice of loss" provision for this policy, AMIC properly provided notice of loss to Robert F. Driver Associates, now Alliant, who failed to properly transmit that loss to Discover Re.

21.     Because of Alliant's failure to timely transmit the claim, it was after November 10, 2008, until Discover Re: paid the principal amount of the claim.

22.     AMIC has been damaged through loss of interest and consequential and

incidental damages as a result.

23.     In 2003-2004, AMIC purchased policy D0003R00034 and RAF704505. The reinsurers for this policy were Discover Re and Axis Re.

24.     AMIC sustained losses that were covered by this policy for Two Hundred Seventy-Three Thousand Four Hundred Seventy-Eight and 99/100 ($273,478.99) plus interest.

25.     AMIC complied with all contractual obligations under this policy.

26.     Under the "notice of loss" provision for this policy, AMIC properly provided notice of loss to Robert F. Driver Associates, now Alliant Associates who failed to properly transmit that loss to Discover Re and Axis Re.

27.     Because of Alliant's failure to timely transmit the claim, it was after November 18, 2008, until that the reinsurers paid the principal amount of the claim.

28.     AMIC has been damaged through loss of interest and consequential and incidental damages as a result

29.     In 2004-2005, AMIC purchased policy D0003R00040.  The reinsurer for this policy was Discover Re.

30.     AMIC sustained losses that were covered by this policy in the amount of Two Hundred Seventy-One Thousand and One Hundred and Fourteen Dollars ($271,114.00) plus interest.

31.     AMIC complied with all contractual obligations under this policy.

32.     Under the "notice of loss" provision for this policy, AMIC was to provide notice of loss to Robert F. Driver Associates, now Alliant who failed to properly

transmit that loss to Discover Re.

33.   Under the "notice of loss" provision for this policy, AMIC was to provide notice of loss to Robert F. Driver Associates, now Alliant Associates who failed to properly transmit that loss to Discover Re.

34.   Because of Alliant's failure to timely transmit the claim, it was not until February 3, 2009, until that the reinsurers paid the principal amount of the claim.

35.   AMIC has been damaged through loss of interest and consequential and incidental damages as a result.

## IV.   CAUSE OF ACTION

### COUNT ONE - BREACH OF CONTRACT

36.   Plaintiff reavers and incorporates all allegations contained in paragraphs 1 through 35 above.

37.   Alliant is in breach of the contract with AMIC to timely transmit losses for policy years 2000-2001, 2001-2002, 2002-2003, 2003-2004, and 2004-2005.

38.   AMIC has incurred out-of-pocket damages, loss of opportunity, loss of interest, incidental and consequential damages as a result of this breach in excess of the jurisdictional limits of this Court.

WHEREFORE, the Plaintiff demands judgment against this Defendant for compensatory damages, incidental and consequential damages, plus interest, costs of this action, attorneys' fees, and any other just and equitable relief, to which it may be entitled **PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**.

_____
SCOTT M. SPEAGLE         (0705-T-78-S)
Attorneys for Plaintiff Alabama Municipal
Insurance Corporation


OF COUNSEL:

HILL, HILL, CARTER, FRANCO,
  COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone: (334) 834-7600
Facsimile:  (334) 832-7419

**PLEASE SERVE THE FOLLOWING DEFENDANTS VIA CERTIFIED MAIL:**

Alliant Insurance Services, Inc.
c/o Kenneth A. Zak, Esq.
1301 Dove Street, Ste. 200
Newport Beach, California 92660