IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA MUNICIPAL INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:09-CV-928-WKW [WO] |
| ALLIANT INSURANCE SERVICES, INC., formerly known as DRIVER ALLIANT INSURANCE SERVICES, formerly known as ROBERT F. DRIVER ASSOCIATES, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Alabama Municipal Insurance Corporation ("AMIC") brings this action against Alliant Insurance Services, Inc. ("Alliant"), alleging various claims arising out of one or more contracts. (Compl. (Doc. # 1).) This cause is before the court on Alliant's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement. (Docs. # 11, 12.) AMIC opposes the motion. (Doc. # 14.) After careful consideration of counsel's arguments, the relevant law, and the record as a whole, the court finds that Alliant's motion to dismiss is due to be granted.

## **I. STANDARD OF REVIEW**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of a

complaint; thus, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).). A complaint need not contain "detailed factual allegations," but must include enough facts "to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 545.

## II. DISCUSSION

To state a valid claim for breach of contract under Alabama law, "a plaintiff must prove: '(1) the existence of a valid contract binding the parties in the action, (2) [it's] own performance under the contract, (3) the defendant's nonperformance, and (4) damages.'" *Employees' Benefit Ass'n v. Grissett*, 732 So. 2d 968, 975 (Ala. 1998) (quoting *Southern Med. Health Sys., Inc. v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995)). In support of its claim for breach of contract, AMIC alleges that it "contracted with [Alliant] to obtain policies of reinsurance through a variety of companies for losses AMIC incurred between 2000 and 2005." (Compl. ¶ 4.) AMIC then lists the various "reinsurance contracts" and contends that "under the 'notice of loss' provision" for each policy, AMIC "properly provided" Alliant with notice of loss, but Alliant "failed to properly transmit that loss" to the various reinsurers.

(Compl. ¶¶ 8, 14, 20, 26, 32, 33.[1]) Alliant's alleged failure to timely transmit notices of loss resulted in either denial of claims or loss of interest due to late payment. (Compl. ¶¶ 9, 16, 22, 28, 35.)

AMIC's claim that Alliant breached "*the* contract with AMIC" (Compl. ¶ 37 (emphasis added)) creates a reasonable inference that there exists one legally binding contract between AMIC and Alliant requiring Alliant to "obtain policies of reinsurance through a variety of companies." (Compl. ¶ 4.) However AMIC does not allege that Alliant breached this specific contract; rather, AMIC alleges that Alliant violated the "notice of loss" provisions in each of the individual reinsurance contracts (Compl. ¶¶ 8, 14, 20, 26, 32, 33). Notably, AMIC does not claim that Alliant was a party to these various reinsurance contracts. Thus, taking all the facts in the complaint as true and making all reasonable inferences in favor of AMIC, there is a disconnect between the legally binding contract and the breach itself – a disconnect that Alliant is left to bridge with speculative assumptions.[2]

Based on the foregoing, the court finds that the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Accordingly, it is

---

[1] It appears that paragraph thirty-three of the complaint erroneously restates the preceding paragraph.

[2] The complaint is replete with ambiguities. For example, paragraph 11 refers to "policies"; paragraphs 12, 13, and 14, apparently referencing paragraph 11, refer to one "policy"; and paragraph 15 refers to what appear to be two insurance companies, "Discover Re" and "Kemper Insurance Company," implying multiple policies. (Compl. ¶¶ 11-15.)

ORDERED that Alliant's motion to dismiss (Docs. # 11, 12) is GRANTED. AMIC's complaint (Doc. # 1) is DISMISSED with leave to amend no later than **March 22, 2010**.

DONE this 1st day of March, 2010.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE