UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| ALABAMA MUNICIPAL INSURANCE CORPORATION, a corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ALLIANT INSURANCE SERVICES, INC. F.K.A. DRIVER ALLIANT INSURANCE SERVICES, F.K.A. ROBERT F. DRIVER ASSOCIATES, a corporation; | ) ) ) ) ) |
| Defendants. | ) |

CASE NO.: 2:09-cv-00928-WKW

## AMENDED COMPLAINT

### I. PARTIES

1. Plaintiff Alabama Municipal Insurance Corporation ("AMIC"), is and was at all times material herein an Alabama corporation, whose principal place of business is in Montgomery, Alabama.

2. Defendant Alliant Insurance Services, Inc., formerly known as Driver Alliant Insurance Services, formerly known as Robert F. Driver Associates, ("Alliant"), is and was at all times material herein an entity, upon information and belief, organized under the laws of the State of Delaware and at all times material herein was doing business in Montgomery County, Alabama.

### II. JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332

and 1367.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.  FACTUAL ALLEGATIONS

4.  AMIC contracted with Robert F. Driver Associates (now know as "Alliant") to act as a "Managing General Agent" ("MGA") for AMIC in obtaining and maintaining reinsurance between 2000 and 2005.

5.  Alliant's contractual duties to AMIC as the MGA were to provide specialized underwriting and administrative services to AMIC for the reinsurance policies it obtained.  Among the responsibilities, Alliant was to timely submit any losses suffered by AMIC to the reinsurance company(ies) pursuant to the "notice of loss" provision contained in each policy.

6.  AMIC's contractual duties to Alliant under the MGA contract, consisted of paying the premium for the reinsurance to Alliant and to timely notify Alliant of any losses suffered that were covered by the reinsurance policies.

7.  In 2000-2001, pursuant to its contractual duties as MGA for AMIC, Alliant obtained for AMIC reinsurance policy LU0022884.  The reinsurers for that policy were Those Various Underwriters of Lloyds.

8.  AMIC sustained losses that were covered by this policy in the amount of Three Hundred and Ninety-Two Thousand Four Hundred and Twenty-Nine Dollars ($392,429.00) plus interest.

9.  AMIC timely transmitted to Alliant losses it sustained that were covered by this policy.

10.  Alliant, pursuant to its contractual duties as MGA for AMIC, failed to

properly transmit notice of AMIC's losses to Those Various Underwriters of Lloyds in accordance with the "notice of loss" provision contained in the reinsurance policy.

11. On September 28, 2009, Those Various Underwriters of Lloyds, denied AMIC the losses covered under that policy because timely notice had not been provided under the "notice of loss" provision of the reinsurance policy.

12. AMIC has been damaged in the loss of the principal amount of this claim, loss of interest, and consequential and incidental damages.

13. In 2001-2002, pursuant to its contractual duties as MGA for AMIC, Alliant obtained for AMIC a reinsurance policy, which was insured by both Discover Re and Kemper Insurance.

14. AMIC sustained losses that were covered by this policy in the amount of One Hundred and Fifty Thousand Nine Hundred and Ninety-Three Dollars ($150,993) plus interest.

15. AMIC timely transmitted to Alliant losses it sustained that were covered by this policy.

16. Alliant, pursuant to its contractual duties as MGA for AMIC, failed to properly transmit notice of those losses to Discover Re and Kemper Insurance in accordance with the "notice of loss" provision contained in the reinsurance policy.

17. Because of Alliant's failure to timely transmit the losses, it was not until August 6 & 11, 2008, that Discover Re and Kemper paid the principal amount of the claim.

18. AMIC has been damaged through loss of interest and consequential and

incidental damages as a result.

19. In 2002-2003, pursuant to its contractual duties as MGA with AMIC, Alliant obtained for AMIC policy D003R00028. Unlike the two prior years, there was only one reinsurer for this policy, Discover Re.

20. AMIC sustained losses that were covered by this policy in the amount of Six Hundred Sixty-One Thousand Four Hundred Forty-Five dollars and 76/100 ($661,445.76) plus interest.

21. AMIC timely transmitted to Alliant losses it sustained that were covered by this policy.

22. Alliant, pursuant to its contractual duties as MGA for AMIC, failed to properly transmit notice of those losses to Discover Re in accordance with the "notice of loss" provision contained in the reinsurance policy.

23. Because of Alliant's failure to timely transmit the loss, it was not until November 10, 2008, that Discovery Re paid the principal amount of the claim.

24. AMIC has been damaged through loss of interest and consequential and incidental damages as a result.

25. In 2003-2004, pursuant to its contractual duties as MGA with AMIC, Alliant obtained for AMIC reinsurance policies D0003R00034 and RAF704505. The reinsurers for these policies were Discover Re and Axis Re.

26. AMIC sustained losses that were covered by these policies for Two Hundred Seventy-Three Thousand Four Hundred Seventy-Eight and 99/100 ($273,478.99) plus interest.

27.     AMIC timely transmitted to Alliant losses it sustained that were covered by these policies.

28.     Alliant, pursuant to its contractual duties as MGA for AMIC, failed to properly transmit notice of those losses to Discovery Re and Axis Re in accordance with the "notice of loss" provisions contained in the reinsurance policies.

29.     Because of Alliant's failure to timely transmit the loss, it was not until November 18, 2008, that Discovery Re and Axis Re paid the principal amount of the claims.

30.     AMIC has been damaged through loss of interest and consequential and incidental damages as a result

31.     In 2004-2005, pursuant to its contractual duties as MGA with AMIC, Alliant obtained for AMIC reinsurance policy D0003R00040.  The reinsurer for this policy was Discover Re.

32.     AMIC sustained losses that were covered by this policy in the amount of Two Hundred Seventy-One Thousand and One Hundred and Fourteen Dollars ($271,114.00) plus interest.

33.     AMIC timely transmitted to Alliant losses it sustained that were covered by this policy.

34.     Alliant, pursuant to its contractual duties as MGA for AMIC, failed to properly transmit notice of those losses to Discover Re in accordance with the "notice of loss" provisions contained in the reinsurance policy.

35.     Because of Alliant's failure to timely transmit the loss, it was not until

February 3, 2009, that Discovery Re paid the principal amount of the claim.

36.	AMIC has been damaged through loss of interest and consequential and incidental damages as a result.

## IV.	CAUSE OF ACTION

### Count One - Breach of Contract

37.	Plaintiff reavers and incorporates all allegations contained in paragraphs 1 through 36 above.

38.	Alliant and AMIC entered into an MGA contract.

39.	Pursuant to the terms of that contract, Alliant was required to timely transmit losses suffered by AMIC pursuant to the "notice of loss" provisions contained in the reinsurance policies obtained by Alliant for AMIC

40.	Alliant is in breach of the MGA contract with AMIC because it failed to timely transmit losses under the reinsurance policies obtained in 2000-2001, 2001-2002, 2002-2003, 2003-2004, and 2004-2005.

41.	AMIC has incurred out-of-pocket damages, loss of opportunity, loss of interest, incidental and consequential damages as a result of this breach in excess of the jurisdictional limits of this Court.

WHEREFORE, the Plaintiff demands judgment against this Defendant for compensatory damages, incidental and consequential damages, plus interest, costs of this action, attorneys' fees, and any other just and equitable relief, to which it may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**.

/s/ Scott M. Speagle
SCOTT M. SPEAGLE        (0705-T-78-S)
Attorneys for Plaintiff Alabama Municipal Insurance Corporation

OF COUNSEL:

HILL, HILL, CARTER, FRANCO,
 COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone: (334) 834-7600
Facsimile:  (334) 832-7419

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the following by United States mail, postage prepaid and properly addressed or by electronically filing with the Clerk of the Court using the CM/ECF which will send notification to the following on this the 2nd day of March 2010.

John W. Scott, Esq.
Kimberly W. Geisler, Esq.
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Ste. 700
Birmingham, Alabama 35203

/s/ Scott M. Speagle
OF COUNSEL