# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA,
# NORTHERN DIVISION

| | |
|---|---|
| **ALABAMA MUNICIPAL INSURANCE CORPORATION,** a corporation, )))) | |
| Plaintiff/Counterclaim Defendant, ))) | |
| ) | **CIVIL ACTION NO.** |
| v. ) | **2:09-cv-00928-WKW-CSC** |
| ) | |
| **ALLIANT INSURANCE SERVICES, INC. F.K.A DRIVER ALLIANT INSURANCE SERVICES, F.K.A. ROBERT F. DRIVER ASSOCIATES,** a corporation, )))))))) | |
| Defendant/Counterclaim Plaintiff. )) | |

## ALLIANT INSURANCE SERVICES, INC.'S
## AMENDED ANSWER AND AFFIRMATIVE DEFENSES AND
## COUNTERCLAIM AGAINST
## ALABAMA MUNICIPAL INSURANCE CORPORATION

COMES NOW Defendant and Counterclaim Plaintiff Alliant Insurance Services, Inc. ("Alliant" or "Defendant") and in response to the Amended Complaint ("Complaint") of Alabama Municipal Insurance Corporation ("AMIC" or "Plaintiff"), submits its Amended Answer and Affirmative Defenses and Counterclaim as follows:

## **ANSWER**

Defendant answers the allegations contained in the Complaint by denying the allegations not expressly admitted. As to each specific allegation of Plaintiff's Complaint, Defendant responds as follows:

**I.   Parties.**

1. Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint except that it denies that at all times material herein it was doing business in Montgomery County, Alabama.

**II.   Jurisdiction**.

3. Paragraph 3 of the Complaint states conclusions of law to which no response is required.

**III.   Factual Allegations.**

4. Defendant denies the allegations of Paragraph 4 of the Complaint and demands strict proof thereof.

5. Defendant denies the allegations of Paragraph 5 of the Complaint and demands strict proof thereof.

6. Defendant denies the allegations of Paragraph 6 of the Complaint and

demands strict proof thereof.

7. In answering Paragraph 7 of the Complaint, Defendant admits that it placed reinsurance for Plaintiff with Various Underwriters of Lloyds. Defendant denies the remaining allegations of Paragraph 7 of the Complaint and demands strict proof thereof.

8. Defendant denies the allegations of Paragraph 8 of the Complaint and demands strict proof thereof.

9. Defendant denies the allegations of Paragraph 9 of the Complaint and demands strict proof thereof.

10. Defendant denies the allegations of Paragraph 10 of the Complaint and demands strict proof thereof.

11. In answering Paragraph 11 of the Complaint, upon information and belief, Defendant admits that by letter dated on or about September 28, 2009 counsel for Lloyd's denied payment for the losses claimed and that one of the alternate reasons for denial was late notice. In further answering, Alliant states that the primary reason for denial was the agreement by AMIC not to submit said losses based upon the fact that AMIC had not paid additional premiums to Lloyd's to cover said losses.

12. Defendant denies the allegations of Paragraph 12 of the Complaint and demands strict proof thereof.

13. In answering Paragraph 13 of the Complaint, Defendant admits that it placed reinsurance for Plaintiff with Discover Re and Kemper. Defendant denies the remaining allegations of Paragraph 13 of the Complaint and demands strict proof thereof.

14. In answering Paragraph 14 of the Complaint, upon information and belief, Defendant admits that Plaintiff reported losses for the amount claimed in said paragraph. Except as admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint and demands strict proof thereof.

16. Defendant denies the allegations of Paragraph 16 of the Complaint and demands strict proof thereof.

17. Defendant denies the allegations of Paragraph 17 of the Complaint and demands strict proof thereof.

18. Defendant denies the allegations of Paragraph 18 of the Complaint and demands strict proof thereof.

19. In answering Paragraph 19 of the Complaint, Defendant admits that it placed reinsurance with Discover Re and that Discover Re was the only reinsurer on

that particular policy. Except as admitted, Defendant denies the remaining allegations of Paragraph 19 of the Complaint, including but not limited to any allegation that Defendant was acting as an MGA for Plaintiff.

20.     In answering Paragraph 20 of the Complaint, upon information and belief, Defendant admits that Plaintiff reported losses for the amount claimed in said paragraph. Except as admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations of Paragraph 21 of the Complaint and demands strict proof thereof.

22.     Defendant denies the allegations of Paragraph 22 of the Complaint and demands strict proof thereof.

23.     Defendant denies the allegations of Paragraph 23 of the Complaint and demands strict proof thereof.

24.     Defendant denies the allegations of Paragraph 24 of the Complaint and demands strict proof thereof.

25.     In answering Paragraph 25 of the Complaint, Defendant admits that it placed reinsurance with Discover Re only. Except as admitted, Defendant denies the

remaining allegations of Paragraph 25 of the Complaint, including but not limited to any allegation that Defendant was acting as an MGA for Plaintiff.

26. In answering Paragraph 26 of the Complaint, upon information and belief, Defendant admits that Plaintiff reported losses for the amount claimed in said paragraph. Except as admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint and demands strict proof thereof.

28. Defendant denies the allegations of Paragraph 28 of the Complaint and demands strict proof thereof.

29. Defendant denies the allegations of Paragraph 29 of the Complaint and demands strict proof thereof.

30. Defendant denies the allegations of Paragraph 30 of the Complaint and demands strict proof thereof.

31. In answering Paragraph 31 of the Complaint, Defendant admits that it placed reinsurance with Discover Re. Except as admitted, Defendant denies the remaining allegations of Paragraph 31 of the Complaint, including but not limited to any allegation that Defendant was acting as an MGA for Plaintiff.

32. In answering Paragraph 32 of the Complaint, upon information and belief, Defendant admits that Plaintiff reported losses for the amount claimed in said paragraph. Except as admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint and demands strict proof thereof.

34. Defendant denies the allegations of Paragraph 34 of the Complaint and demands strict proof thereof.

35. Defendant denies the allegations of Paragraph 35 of the Complaint and demands strict proof thereof.

36. Defendant denies the allegations of Paragraph 36 of the Complaint and demands strict proof thereof.

**IV.   CAUSE OF ACTION**

**Count One – Breach of Contract**

37. In answering Paragraph 37 of the Complaint, Defendant adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

38. Defendant denies the allegations of Paragraph 38 of the Complaint and demands strict proof thereof.

39. Defendant denies the allegations of Paragraph 39 of the Complaint and demands strict proof thereof.

40. Defendant denies the allegations of Paragraph 40 of the Complaint and demands strict proof thereof.

41. Defendant denies the allegations of Paragraph 41 of the Complaint and demands strict proof thereof.

### Prayer for Relief

In the Paragraph beginning "WHEREFORE," and with respect to the allegations following the word "WHEREFORE," Defendant answers as follows:

Defendant denies that Plaintiff is entitled to any judgment in any amount or any relief in any amount on any count of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without assuming the burden of proof that would otherwise rest with Plaintiff:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from the recovery of any special damages because it has failed to plead such damages in the manner required by FED. R. CIV. P. 9(g).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or may be barred, by Plaintiff's consent, acquiescence, novation or ratification.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds and/or the parol evidence rule.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or may be barred, by the doctrine of accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail for lack of consideration.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages are barred by the doctrines of *in pari delicto* or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred by the doctrines of waiver, laches, or release.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to its claimed damages because Plaintiff failed to mitigate its damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any consequential or incidental damages based upon the allegations in this action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary and proper parties needed for a just adjudication of Plaintiff's claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant did not breach any legal duty to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, subject to arbitration under the Federal Arbitration Act and Defendant expressly reserves any rights it may have to arbitration.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant pleads not guilty.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant pleads the general issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred, in whole or in part, by the Plaintiff's own fraud or misrepresentations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred by the doctrine of equitable estoppel and/or promissory estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because any of the claimed damages were caused by or the result of the acts or omissions of parties other than this Defendant, including Plaintiff's own acts or omissions.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses of which it learns through the course of discovery.

## **COUNTERCLAIM**

COMES NOW Defendant and Counterclaim Plaintiff Alliant Insurance Services, Inc. ("Alliant"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, and asserts the following Counterclaim against Plaintiff and Counterclaim Defendant

Alabama Mutual Insurance Corporation ("AMIC"):

## FACTS

1. As to the Lloyd's policy placed in 2000, Steve Wells, Executive Director of AMIC, suggested and agreed that AMIC would not submit additional claims under the Lloyd's policy in excess of the policy's original aggregate stop loss based on the initial $623 million total insured value ("TIV")(hereinafter "the original TIV"), in exchange for Lloyd's not seeking payment of additional premiums and AMIC not having to pay said premiums (hereinafter "the AMIC/Lloyd's Agreement").

2. AMIC has never paid additional premiums based upon an approximate doubling of the TIV under the Lloyd's policy.

3. AMIC subsequently sought to recover against Lloyd's based upon a TIV of approximately $1.3 billion as of the expiration of the Lloyd's policy in November 2001.

4. Lloyd's has taken the position that to the extent that AMIC now contends the AMIC/Lloyd's Agreement was not as set forth herein, or if AMIC believes it is due further payment for claims under the policy, AMIC would be responsible for payment of premiums in excess of the losses claimed.

5. AMIC agreed to, affirmed and acknowledged the existence of the AMIC/Lloyd's Agreement and understanding during the course of its dealing with

Alliant over several years between at least 2003 and 2008.

6.     Alliant reasonably and justifiably relied on the representations made by Alliant and its agents and representatives regarding this agreement and understanding.

## COUNT I
## PROMISSORY ESTOPPEL

7.     Alliant incorporates as if fully set forth herein the allegations contained in Paragraphs 1 through 6 of the Counterclaim.

8.     Based on the facts set forth in ¶¶ 1-6 of its Counterclaim, Alliant reasonably relied upon the representations made by AMIC with respect to the said AMIC/Lloyd's Agreement, to Alliant's detriment, inducing reliance upon the part of Alliant, and injustice can be avoided only by enforcement of AMIC's promise in relation to the agreement.

WHEREFORE, PREMISES CONSIDERED, Defendant and Counterclaimant Alliant Insurance Services, Inc. demands judgment against Plaintiff and Counterdefendant Alabama Municipal Insurance Corporation for damages resulting from Alliant Insurance Services, Inc.'s reliance on Alabama Municipal Insurance Corporation promises and any additional relief to which Alliant Insurance Services, Inc. may be entitled.

## COUNT II
## FRAUD/MISREPRESENTATION

9.  Alliant incorporates as if fully set forth herein the allegations contained in Paragraphs 1 through 8 of the Counterclaim.

10. Based on the facts set forth in ¶¶ 1-6 of its Counterclaim, AMIC, through one or more of its employees, servants or agents, intentionally, fraudulently, recklessly, negligently, and/or innocently misrepresented material facts to Alliant. Specifically, AMIC, through its Executive Director, Steve Wells, and others represented that it would not seek losses in excess of the original TIV. AMIC is now seeking losses in excess of the original TIV and seeks to hold Alliant liable for those amounts, plus interest and consequential damages. AMIC intentionally, fraudulently, recklessly, negligently, and/or innocently misrepresented material facts regarding the said AMIC/Lloyd's Agreement in order to induce Alliant's assent.

11. AMIC made material misrepresentations and/or suppressed material facts from Alliant with an intent not to perform acts (or refrain from acting) as promised and with an intent to deceive Alliant at the time such promises were made.

12. Due to AMIC's misrepresentations and suppression of material facts, Alliant reasonably and justifiably relied, acted to its detriment, and consequently has been damaged.

WHEREFORE, PREMISES CONSIDERED, Defendant and Counterclaimant Alliant Insurance Services, Inc. demands judgment against Plaintiff and Counterdefendant Alabama Municipal Insurance Corporation for damages resulting from Alabama Municipal Insurance Corporation fraud/misrepresentations and any additional relief to which Alliant Insurance Services, Inc. may be entitled.

## COUNT III
## PROMISSORY FRAUD

13. Alliant incorporates as if fully set forth herein the allegations contained in Paragraphs 1 through 12 of the Counterclaim.

14. Based on the facts set forth in ¶¶ 1-6 of its Counterclaim, AMIC represented to Alliant that AMIC would not seek losses in excess of the original TIV. AMIC is now seeking losses in excess of the original TIV and seeks to hold Alliant liable for those amounts, plus interest and consequential and incidental damages.

15. AMIC made material misrepresentations and/or suppressed material facts from Alliant with an intent not to perform acts (or refrain from acting) as promised, and with an intent to deceive Alliant at the time such promises were made.

16. Due to AMIC's misrepresentations and suppression of material facts, Alliant reasonably and justifiably relied, acted to its detriment, and consequently has been damaged.

WHEREFORE, PREMISES CONSIDERED, Defendant and Counterclaimant Alliant Insurance Services, Inc. demands judgment against Plaintiff and Counterdefendant Alabama Municipal Insurance Corporation for damages resulting from Alabama Municipal Insurance Corporation promissory fraud and any additional relief to which Alliant Insurance Services, Inc. may be entitled.

## COUNT IV
## DECEIT

17. Alliant incorporates as if fully set forth herein the allegations contained in Paragraphs 1 through 16 of the Counterclaim.

18. Based on the facts set forth in ¶¶ 1-6 of its Counterclaim, AMIC represented to Alliant that AMIC would not seek losses in excess of the original TIV. AMIC is now seeking losses in excess of the original TIV and seeks to hold Alliant liable for those amounts, plus interest and consequential damages.

19. AMIC made material misrepresentations and/or suppressed material facts from Alliant with an intent not to perform acts (or refrain from acting) as promised and with an intent to deceive Alliant at the time such promises were made.

20. Due to AMIC's misrepresentations and suppression of material facts, Alliant reasonably and justifiably relied, acted to its detriment, and consequently has been damaged.

WHEREFORE, PREMISES CONSIDERED, Defendant and Counterclaimant Alliant Insurance Services, Inc. demands judgment against Plaintiff and Counterdefendant Alabama Municipal Insurance Corporation for damages resulting from Alabama Municipal Insurance Corporation fraud/misrepresentations any additional relief to which Alliant Insurance Services, Inc. may be entitled.

Respectfully submitted,

/s/ John W. Scott
John W. Scott
Kimberly W. Geisler
Attorneys for Defendant
Alliant Insurance Services, Inc.

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Telecopier: (205) 251-6773
Email: jscott@scottdukeslaw.com
Email: kgeisler@scottdukeslaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on June 17, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

 Scott M. Speagle, Esq.
 Webster, Henry, Lyons, White,
   Bradwell & Black, P.C.
 Post Office Box 239
 Montgomery, Alabama 36101-0116

             /s/ John W. Scott
             Of Counsel

53449