IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALABAMA MUNICIPAL INSURANCE CORPORATION, ) ) ) Plaintiff, ) ) v. ) ALLIANT INSURANCE SERVICES, ) INC., formerly known as DRIVER ) ALLIANT INSURANCE SERVICES, ) formerly known as ROBERT F. DRIVER ) ASSOCIATES, ) ) Defendant. ) | CASE NO. 2:09-CV-928-WKW [WO] |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alabama Municipal Insurance Corporation ("AMIC") brings this single-count breach of contract action against Defendant Alliant Insurance Services, Inc. ("Alliant"). (Am. Compl. (Doc. # 17).) Alliant filed an Amended Answer and Counterclaim. (Doc. # 29.) This cause is before the court on Alliant's Motion for Summary Judgment (Doc. # 41), which has been fully briefed and is ready for adjudication.

Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A genuine factual dispute exists if "a reasonable jury could return a verdict for the non-moving party." *Damon v. Fleming Supermarkets, Inc.*, 196 F.3d

1354, 1358 (11th Cir. 1999) (internal quotation marks and citation omitted).  Trial courts, however, may deny summary judgment when "there is reason to believe that the better course would be to proceed to a full trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *accord Lind v. United Parcel Serv., Inc.*, 254 F.3d 1281, 1285 (11th Cir. 2001).

At the heart of the dispute between AMIC and Alliant is the existence and nature of their contractual relationship and the resultant obligations the parties owe to each other. AMIC contends that when it "purchased reinsurance for policy years 2000-2005, what it bought was the services of Alliant . . . ."  (Resp. 4 (Doc. # 49).)  It is the nature of those services that is at issue.  Alliant contends that it acted as a broker for AMIC.  (Br. in Support 5 (Doc. # 42).)  AMIC claims that Alliant acted as its agent, either as a managing general agent ("MGA") (Am. Compl. ¶ 4), or as a reinsurance intermediary manager ("RIM") (Resp. 18-23).  Alliant states that "[t]here is no written contract" and that AMIC "cannot cite a single piece of paper that uses the term 'Managing General Agent' or 'MGA' as it relates to the claim in this action."  (Br. in Support 4.)  AMIC asserts that the contracts in this case are the five reinsurance policies themselves and also "the dec[laration] pages," and the "dozens of letters, all signed by . . . Alliant."  (Resp. 13; Wells Dep. 24-25.)  Thus, there exist genuine issues of material fact at the very core of this case.  What were the terms of the relationship and what obligations did Alliant owe to AMIC?  Was the duty to timely transmit AMIC's losses among those obligations?  Given these and other factual disputes material to determining the outcome of this case, summary judgment is inappropriate, and "the better course would be to proceed to a full trial."  *Anderson*, 477 U.S. at 255.

Accordingly, it is ORDERED that Alliant's Motion for Summary Judgment (Doc. # 41) is DENIED, and Alliant's Motion to Strike (Doc. # 53) and AMIC's Motion for Leave to File (Doc. # 57) are DENIED as moot.

DONE this 25th day of February, 2011.

                                                /s/ W.  Keith Watkins
                                     UNITED STATES DISTRICT JUDGE